UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JOSEPH G. WHITE, KY DOC # 189635**                                                                 **PLAINTIFF**

v.                                                                 **CIVIL ACTION NO. 3:15CV-P128-CRS**

**JUSTICE AND PUBLIC SAFETY CABINET** *et al.*                                **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Joseph G. White, while incarcerated at the Kentucky State Reformatory, filed a *pro se* complaint under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, which the Court allowed to proceed beyond initial screening of the complaint pursuant to 28 U.S.C. § 1915A (DNs 10 & 11). The Kentucky Department of Corrections Defendants, by counsel, filed a motion to dismiss (DN 15). Shortly thereafter, Plaintiff filed a notice of change of address, which indicated that he was no longer incarcerated (DN 16), and Defendants re-served their motion to dismiss on Plaintiff at his new address (DN 17). Plaintiff failed to file a response. Therefore, by Order entered January 7, 2016 (DN 23), the Court provided him with 30 days within which to respond. The Court advised Plaintiff that should he fail to file a response, the Court would take the motion to dismiss under consideration without the benefit of a response. Also on January 7, 2016, however, and in light of Plaintiff's release from incarceration, the Court entered an Order (DN 24) directing Plaintiff either to pay the $307.32 balance of the $350.00 filing fee to the Clerk of Court or to file a non-prisoner application to proceed without prepayment of fees. In the second Order, the Court warned Plaintiff that his failure to comply within 30 days of entry of the Order would result in dismissal of this action. Over four months have passed without a response to either Order.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff failed to comply with a straightforward Order of this Court, despite being warned that dismissal would occur without compliance, the Court concludes that he has abandoned any interest in prosecuting this action. Consequently, a separate Order of dismissal will be entered.

Date: May 19, 2016

**Charles R. Simpson III, Senior Judge
United States District Court**

cc: Plaintiff, *pro se*
 Counsel of record
4411.005

2